JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1720-JLS (JPRx)                                   Date:  March 5, 2015
Title:  Santana Cline v. CBSK

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING HSBC'S MOTION TO DISMISS (Doc. 50), DISMISSING ACTION ON THE BASIS OF *RES JUDICATA*, AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT (Doc. 40) AND MOTION TO CLARIFY AND RECONSIDER (Doc. 48)**

   Before the Court are: a Request for Default Judgment filed by Plaintiff Santana Cline (MDJ, Doc. 40); a Motion to Clarify and Reconsider, also filed by Cline (MCR, Doc. 48); and a Motion to Dismiss filed by Intervenor-Defendant HSBC Bank USA, NA (MTD, Doc. 50.)  The Court finds these matters appropriate for decision without oral argument.  The hearings set for March 6, 2015, at 2:30 p.m. are therefore VACATED.  For the following reasons, the Court GRANTS HSBC's Motion to Dismiss and DISMISSES this action on the basis of *res judicata*.  Plaintiff's Request for Default Judgment and Motion to Clarify and Reconsider are therefore DENIED AS MOOT.

**I.      INTRODUCTION**

   On November 1, 2013, Plaintiff Santana Cline, an Ohio resident, filed her initial Complaint in this action against Defendant CBSK Financial Group, a defunct California corporation.  (Compl., Doc. 1, ¶¶ 1, 9.)  Her Complaint alleges that on April 5, 2006, she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1720-JLS (JPRx)                        Date: March 5, 2015
Title: Santana Cline v. CBSK

obtained a mortgage loan from CBSK secured by her Ohio home. (Id. ¶¶ 5-8.) Shortly thereafter, on April 30, 2006, the State of Ohio revoked CBSK's mortgage license and the State of California did the same on October 30, 2007. (Id. ¶¶ 8-9.) The Complaint alleges that CBSK therefore "cannot collect on the underlying note due to the suspension and dissolution in both Ohio and California," and that "[a]ny transfer or attempts to collect the debt by CBSK or any alleged successor would be void . . . ." (Id. ¶¶ 12-14.)

      On January 23, 2014, Cline requested entry of default against CBSK. (Doc. 10.) The Clerk of this Court declined this request, as Cline had not submitted any proof of service as to CBSK. (Doc. 12.)

      On March 11, 2014, Cline filed the operative First Amended Complaint. (FAC, Doc. 22.) In addition to CBSK, the FAC also names as Defendants HSBC, Mortgage Electronic Registration Systems, Inc., Merscorp Holdings, Inc., Ocwen Loan Servicing, and Dinn, Hochman, Potter LLC, and asserts claims for: conspiracy; unjust enrichment; violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, civil conspiracy to commit fraud, common law fraud, "harassment/abuse," "false or misleading representations," "unfair practices," declaratory judgment, injunctive relief, "intentional misrepresentation of material facts," and "negligent misrepresentation of material facts."[1] (FAC at 64-77.) The FAC repeats the initial Complaint's allegations as to the invalidity of any assignment of the mortgage by CBSK. It also alleges, *inter alia*: that after CBSK went defunct, Ocwen improperly used MERS to assign the mortgage to HSBC in April 2007; that a Dinn, Hochman, Potter attorney prepared false assignment documents for his clients; that CBSK was not a member of MERS, thereby voiding any attempted assignment of the mortgage; and that as a result, CBSK remains the true holder of the note. (FAC ¶¶ 21, 26, 28.) The Prayer for Relief asks only that the Court declare the following:

      (a) the debt(s) payable to CBSK are not collectable.

---

[1] While the addition of Dinn, Hochman, Potter appears to have destroyed diversity – Cline alleges that she is an Ohio resident and that Dinn, Hochman, Potter is an "incorporated and licensed law firm in the State of Ohio" (FAC ¶¶ 3, 9) – the Court will proceed on the assumption that federal question jurisdiction exists as a result of the FDPCA claim.

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1720-JLS (JPRx)                                             Date:  March 5, 2015
Title:  Santana Cline v. CBSK

    (b) CBSK was out of business in 2005 and could not institute any collection efforts and any attempts would therefore be deemed void.
    (c) any attempts to transfer the debt after their dissolution would be made in violation of California Law governing the Financial Code.

(FAC at 77.)

    On May 20, 2014, the Court granted Cline leave to effect service on CBSK through the California Secretary of State, which Cline later did.  (Docs. 29, 32.)

    On June 2, 2014, HSBC, MERS, Merscorp, Ocwen, and Dinn, Hochman, Potter moved to dismiss the FAC.  (Mot., Doc. 30.)  They argued that because this lawsuit constitutes Cline's *ninth* lawsuit challenging HSBC's standing to foreclose, this action is barred under the doctrine of *res judicata*.  (Mot. at 2-4.)  They also argued that dismissal of this action for numerous other reasons: that this suit is essentially a "de facto" appeal of a state court judgment and is therefore barred under the Rooker-Feldman Doctrine (Mot. at 8-9); that this Court is the improper venue to determine ownership of real property in Ohio (Mot. at 5-6); that the statute of limitations has run on Cline's claims (Mot. at 9-10); and, finally, that the FAC fails to state any claims on which relief may be granted.  (Mot. at 10-15.)

    On June 20, 2014, Cline dismissed these Defendants from the case without prejudice.  (Docs. 33, 34.)

    This left CBSK as the only Defendant in this action.  On November 4, 2014, Cline requested the Clerk enter default against CBSK, which the Clerk did on November 7, 2014.  (Docs. 36, 37.)

    On November 11, 2014, Cline filed a pleading in support of her Motion to Vacate Sheriff Sale in the Court of Common Pleas in Franklin County, Ohio, in which she stated:

> Currently, in the Central District of California, *Case 8:13-CV-01720-JLS-JPR*, an entry of default judgment has been entered against CBSK d.b.a. American Home Loans ("CBSK"), the original lender of the note and whom it is still payable.  A final declaratory judgment is currently pending final resolution to resolve the claims, among other things, that CBSK was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1720-JLS (JPRx)            Date: March 5, 2015
Title: Santana Cline v. CBSK

> not in business at the time the loan was created and that any alleged transfer would be invalid and therefore illegal/unenforceable.

(Doc. 39-1, Ex. 7, at 1-2.)

On November 18, 2014, HSBC, alarmed that Cline "intend[ed] to use a judgment against CBSK in this case as a basis to avoid foreclosure" in Ohio, moved to intervene. (Doc. 38 at 3.)

Also on November 18, 2014, Cline filed the instant Request for Default Judgment against CBSK. (MDJ.) In it, she asks for a judgment

> declaring that the two (2) promissory notes and mortgage contracts entered with CBSK on April 5th, 2006 are invalid and noncollectable as they were not entered by a licensed Mortgage Broker/Lender in California nor Ohio. Any subsequent or alleged transfers of ownership rights would be deemed invalid and unenforceable due to the lack of licensing.

(MDJ at 4.)

On December 15, 2014, the Court granted HSBC's Motion to Intervene. (Doc. 46.)

On December 29, 2014, Cline filed the instant Motion to Clarify and Reconsider. (MCR.) In it, she asks the Court to reconsider its Order finding HSBC has standing to intervene in this action. (Id.)

Finally, on January 9, 2015, HSBC filed the instant Motion to Dismiss. (MTD.) HSBC again argues dismissal is appropriate on various grounds, including *res judicata*, the Rooker-Feldman Doctrine, improper venue, the statute of limitations, and failure to state a claim upon which relief can be granted. (MTD at 2-14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1720-JLS (JPRx)                        Date: March 5, 2015
Title: Santana Cline v. CBSK

## II. <u>LEGAL STANDARD</u>

### A. <u>Motion to Dismiss</u>

Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) motion, the Court must accept as true all factual allegations in the complaint and draw all inferences in the non-moving party's favor. *See Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013); *Association for L.A. Deputy Sheriffs v. County of L.A.*, 648 F.3d 986, 991 (9th Cir. 2011). The Court is not required, however, to accept legal conclusions couched as factual allegations, which are supported "by mere conclusory statements" and "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss, the Court is limited to the allegations in the complaint (including documents attached thereto), documents incorporated by reference into the complaint, and matters of which a court may take judicial notice. *See Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013).

## III. <u>DISCUSSION</u>

As noted above, HSBC argues that this action is barred by the doctrine of *res judicata* based on a similar suit Cline prosecuted in the United States District Court for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1720-JLS (JPRx)            Date: March 5, 2015
Title: Santana Cline v. CBSK

the Southern District of Ohio in 2013.  (*Cline v. Mortgage Electronic Registration System, Inc.*, 2:13-cv-401-JLG-MRA (S.D. Ohio, filed April, 25, 2013)) (hereinafter, "the Ohio action").[2]  Because this contention, if true, would dispose of this case in its entirety, the Court addresses this issue first.

    A.    **Res Judicata**

"The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction."  *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotation marks and citations omitted).  The doctrine of *res judicata* "insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits."  *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (citation omitted).  Where there has been previous litigation in federal court, *res judicata* precludes a new action where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).  The Court considers whether these requirements are met.

---

[2]  The Court may properly take judicial notice of the Ohio federal court records.  Under Federal Rule of Evidence 201(b), "a judicially noticed fact must be one not subject to reasonable dispute that is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  This encompasses "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1720-JLS (JPRx)                               Date:  March 5, 2015
Title:  Santana Cline v. CBSK

### 1. Identity of Claims

The central criterion in determining whether there is an identity of claims between the first and second adjudications is "'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted).

Here, there is clearly identity of claims.  The operative complaint in the Ohio action is nearly indistinguishable from the FAC currently before this Court.  (*See* FAC; Ohio FAC, ECF No. 18.)  Indeed, the claims in each complaint – for conspiracy; unjust enrichment; violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., civil conspiracy to commit fraud, common law fraud, "harassment/abuse," "false or misleading representations," "unfair practices," declaratory judgment, injunctive relief, "intentional misrepresentation of material facts," and "negligent misrepresentation of material facts" – are essentially identical as to both form and content.  (FAC at 64-77; Ohio FAC at 64-77.)[3]  Moreover, in both cases, the claims turn on the same substantive allegations: that after CBSK went defunct, Ocwen improperly used MERS to assign the mortgage to HSBC in April 2007 (FAC ¶ 21; Ohio FAC ¶ 18); that a Dinn, Hochman, Potter attorney prepared false assignment documents (FAC ¶¶ 20-24; Ohio FAC ¶¶ 17-21); that Ocwen filed a foreclosure action on behalf of HSBC in the Franklin County Court of Common Pleas (FAC ¶ 21; Ohio FAC 18); that Ocwen has attempted to keep a false lien on the property and collect a debt that is not owed to it (FAC ¶ 26; Ohio FAC ¶ 23); that CBSK was not a member of MERS and that this voided any attempted assignment of Cline's mortgage (FAC ¶ 28; Ohio FAC ¶ 25); and that CBSK remains the true holder of the note.  (FAC ¶¶ 26, 90; Ohio FAC ¶¶ 23, 87.)  The gravamen of both complaints is the same: that the assignment of Cline's mortgage after CBSK went defunct was invalid and defendants thus have no enforceable interest in the note or real property.

Accordingly, the Court concludes the identity of claims requirement is satisfied.

---

[3]  The only difference in claims is the Ohio action's assertion of a single claim of violation of the Ohio Consumer Sales Practices Act, which Cline does not assert here.  (Ohio FAC at 67-68.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1720-JLS (JPRx)            Date: March 5, 2015
Title: Santana Cline v. CBSK

### 2. Final Judgment on the Merits

*Res judicata* also requires a final judgment on the merits.
There was clearly such a final judgment on the merits in the Ohio action. There, the court granted Defendants' Motion to Dismiss Cline's FAC on numerous substantive grounds. First, the Court found that Cline's claims were *themselves* barred as *res judicata* by a previous action she prosecuted against the same Defendants in the Franklin County, Ohio Court of Common Pleas. (Opinion and Order, ECF No. 34, at 6-7.) Moreover, the court noted that, even if *res judicata* did not apply, each of Cline's claims would have nevertheless been barred by the applicable statute of limitations. (Id. at 7.)
This decision clearly constitutes a final judgment on the merits in the Ohio action. Accordingly, the Court concludes this requirement is satisfied.

### 3. Identity or Privity Between Parties

The final element of *res judicata* is identity of, or privity between, parties.
Where the same parties are named in successive actions, identity is self-evident. Where parties to successive actions are not identical, however, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted); *see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); *Shaw v. Hahn*, 56 F.3d 1128, 1131-32 (9th Cir. 1995) (finding privity when the interests of the party in the subsequent action were shared with and adequately represented by the party in the former action).
Here, HSBC, Mers, Merscorp Holdings, and Ocwen were named Defendants in both the Ohio federal-court action and this action. Accordingly, identity of parties is established as to them.
As to Dinn, Hochman, Potter, it is a named Defendant in this action while its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1720-JLS (JPRx)                                              Date:  March 5, 2015
Title:  Santana Cline v. CBSK

attorney, Benjamin Carnahan, was a named defendant in the Ohio federal court action. The substantive allegations, however – that Carnahan allegedly prepared false assignment documents relating to Cline's mortgages in his capacity as a Dinn, Hochman, Potter attorney – are identical.  (FAC ¶¶ 20-24; Ohio FAC ¶¶ 17-21.)  Indeed, Cline appears to have simply inserted the words "Dinn, Hochman, Potter" where Carnahan's name previously appeared.  (*See id.*)  Given that the factual allegations and theories of liability asserted here against Dinn, Hochman, Potter are identical to those asserted against Carnahan in the Ohio action, the Court concludes Dinn, Hochman, Potter is "so identified in interest" with Carnahan that it "represents precisely the same right in respect to the subject matter involved."  *Stratosphere*, 298 F.3d at 1142 n.3; *see also Va. Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1247 (9th Cir. 1998) ("It is the identity of interest that controls in determining privity, not the nominal identity of the parties.") (quotation marks and citation omitted).  Accordingly, the Court concludes privity exists as to these parties.

      That leaves only CBSK.  HSBC argues that it is in privity with CBSK because HSBC "is attempting to enforce a note and mortgage that was assigned to HSBC Bank as Trustee" and "[f]or purposes of *res judicata*, these two defendants have a closely aligned interest."  (MTD at 8-9.)  The Court agrees.  "Nonparty preclusion may be based on a pre-existing substantive legal relationship between the person to be bound and a party to the judgment, *e.g.*, assignee and assignor."  *Taylor v. Sturgell*, 553 U.S. 880, 881 (2008); *see also Schimmels*, 127 F.3d at 881 ("[A] non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party.").  In the context of home foreclosures, courts have found that assignors and assignees of a mortgage are in privity with one another.  *See, e.g., Glover v. Wachovia Equity Servicing LLC*, No. 03:11-CV-00210-HU, 2011 WL 3794828, at *6 (D. Or. July 18, 2011) *report and recommendation adopted*, No. CV-11-210-HU, 2011 WL 3794760 (D. Or. Aug. 26, 2011) (finding privity for *res judicata* purposes because "Wachovia and Wells Fargo, as subsequent assignees of the debt . . . stand in the shoes of the original lender and trustee."); *Vargas v. Countrywide Home Loans, Inc.*, No. 12 CIV. 6857 KBF, 2013 WL 5881543, at *3 (S.D.N.Y. Nov. 1, 2013) ("Because Bank of New York Mellon and Countrywide Home Loans are the assignee and assignor of the mortgage at issue, they are

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1720-JLS (JPRx)                                            Date:  March 5, 2015
Title:  Santana Cline v. CBSK

in privity for purposes of *res judicata*."); *cf. Barnes v. Homeward Residential, Inc.*, No. 13–3227 SC, 2013 WL 5217393, at *3 (N.D. Cal. Sept. 17, 2013) (finding privity between mortgage servicer and former and current holders of the beneficial interest of the deed of trust and substitute trustee of the deed of trust); *Apostol v. CitiMortgage, Inc.*, No. 13-CV-01983-WHO, 2013 WL 6328256, at *5 (N.D. Cal. Nov. 21, 2013) (finding a substituted trustee that initiated foreclosure was so "identified in interest" with the mortgage originator as to be in privity).  Thus, because Plaintiff does not dispute that her mortgage was assigned by CBSK to HSBC, these parties are in privity for purposes of *res judicata*.

In sum, the Court finds all Defendants in this action are either identical to, or in privity with, defendants in the Ohio action.

### 4.    Conclusion

Because the Ohio action encompassed the same claims and parties as this action and reached a final judgment on the merits, this action is barred by the doctrine of *res judicata*.  HSBC's Motion to Dismiss is therefore GRANTED on this basis.

### IV.    CONCLUSION

For the foregoing reasons, HSBC's Motion to Dismiss is GRANTED, and this action is DISMISSED in its entirety under the doctrine of *res judicata*.  Cline's Request for Default Judgment and Motion to Clarify and Reconsider are therefore DENIED AS MOOT.  HSBC shall submit a proposed judgment **within 7 days**.
Cline is advised that the Court will consider sanctions should she file post-judgment motions in this action that are frivolous and brought for purposes of delay, harassment, or imposing needless cost on defendants.  To avoid sanctions, Cline must demonstrate a legitimate basis in law and fact for the relief she seeks.

Initials of Preparer:  tg